FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 MAR 17 AM 11: 52

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JONATHAN VASQUEZ, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 106-023 |
| GEORGIA STATE PATROL, | ) ) | |
| Defendant. | ) ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff filed the captioned matter pursuant to 42 U.S.C. § 1983 and seeks leave to proceed *in forma pauperis*. Pleadings drafted by *pro se* litigants must be liberally construed, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous, malicious, or that fails to state a claim upon which relief may be granted. See 28 U.S.C. 1915(e)(2)(B)(i) & (ii).

Plaintiff alleges that a Georgia highway patrolman (who is not a defendant) "pulled a stick out at my father and I [sic] and pushed my father to the fence." (Doc. no. 1, p. 3). Plaintiff further alleges that a different patrolman "took [him] to jail for a stop sign [he] did not run." (Id.). According to Plaintiff, the trooper then told Plaintiff's boss about the incident and "the whole town" found out about it. (Id.). As relief, Plaintiff requests $750,000.00 in damages. (Id. at 5). With only these scant allegations, it is difficult to discern Plaintiff's claims.

Ordinarily, the Court would consider ordering Plaintiff to amend his complaint to flesh

out his claims and thus give the Court a better picture of his allegations. However, the Court is persuaded that in this instance amendment would be futile. See Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004)(explaining that leave to amend should be freely given, but is properly denied when any amendment would be futile). Plaintiff's allegations provide no basis from which to presume the existence of viable claims against Defendant.

Plaintiff has named only the "Georgia State Patrol" as Defendant. Defendant is an agency of the State of Georgia. See O.C.G.A. § 35-2-30, *et seq.* As a result, Defendant is immune from suit for monetary damages. See, e.g., Alabama v. Pugh, 438 U.S. 781, 782 (1978) (*per curiam*); see also Davis v. Standifer, 275 Ga. App. 769, 775-76, 621 S.E.2d 852, 858 (2005).

In sum, Plaintiff's complaint fails to state a claim upon which relief may be granted. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, and that Plaintiff's motion to proceed *in forma pauperis* (doc. no. 2) be **DENIED** as **MOOT**.

SO REPORTED and RECOMMENDED this 17th day of March, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE